UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   CV 11-2584
STEVEN DENICOLA, Individually and on behalf of
all others similarly situated,

                                                      **ANSWER**

                          Plaintiffs,

    -against-

FRONTLINE ASSET STRATEGIES, INC,

                          Defendant.
------------------------------------------------------------------------X

      Defendant **FRONTLINE ASSET STRATEGIES, INC.**, by its attorneys, Litchfield Cavo LLP, as and for its Answer, alleges follows:

1. Denies the allegations contained within Paragraph "1" of the Complaint, except admits that the Defendant conducts business within this District.

2. Denies having information sufficient to form a belief as to the allegations contained within Paragraph "2" of the Complaint except admits that Frontline Asset Strategies was attempting to collect a debt on behalf of HSBC.

3. Admits the allegations contained within Paragraph "3" of the Complaint.

4. Admits the allegations contained within Paragraph "4" of the Complaint.

5. Denies and/or denies having sufficient information sufficient to form a belief as the allegations contained within Paragraph "5" of the Complaint.

6. Admits the allegations contained within Paragraph "6" of the Complaint.

7. Admits the allegations contained within Paragraph "7" of the Complaint.

-2-

8. Denies the allegations contained within Paragraphs "8" and "9" of the Complaint, except admits that defendant used a recorded device to contact plaintiff at a telephone .number which is provided.

9. Denies the allegations contained within Paragraph "10" of the Complaint and alleges that to the extent that the alleged prerecorded message did not include notice was because the communication was for the purpose of acquiring location information about the Plaintiff.

10. Denies the allegations contained within Paragraph "11" of the Complaint and alleges that to the extent that the alleged pre-recorded message did not contain notice-was because the communication was for the purpose of acquiring location information about the Plaintiff.

11. Denies the allegations contained within Paragraph "12" of the Complaint and alleges that to the extent that the alleged pre-recorded message did not include notice-was because the communication was for the purpose of acquiring location information about the Plaintiff.

12. Denies the allegations contained within Paragraph "13" of the Complaint and alleges that to the extent that the alleged pre-recorded message did not provide notice-was because the communication was for the purpose of acquiring location information about the Plaintiff.

13. Denies the allegations contained within Paragraph "14" of the Complaint and alleges that to the extent that the alleged pre-recorded message did not provide notice-was because the communication was for the purpose of acquiring location information about the Plaintiff.

14. Denies the allegations contained within Paragraph "15" of the Complaint.

15. Denies having information sufficient to form a belief as to the allegations contained within Paragraph "16" of the Complaint.

16. Denies the allegations contained within Paragraph "17" of the Complaint.

17. Denies the allegations contained within Paragraph "18" of the Complaint except admits that automated messages are used as art of defendant's effort to locate and verify information on debtor.

18. Denies the allegations contained within Paragraph "19" of the Complaint. The Defendant further denies that the purported class meets all four mandatory requirements of Federal Rule of Civil Procedure 23

19. Denies the allegations contained within Paragraph "20" of the Complaint. The Defendant further denies that the purported class meets all four mandatory requirements of Federal Rule of Civil Procedure 23

20. Denies the allegations contained within Paragraph "21" of the Complaint.

21. The allegations contained within Paragraph "22" are legal conclusions, to which no response is necessary. To the extent that a response is required, the Defendant denies the allegations contained within Paragraph "22" of the Complaint.

22. Denies the allegations contained within Paragraph "23" of the Complaint.

23. Denies the allegations contained within Paragraph "24" of the Complaint.

24. Denies the allegations contained within Paragraph "25" of the Complaint.

## AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

25. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE

26. The Plaintiff has failed to mitigated and/or reduce his damages and losses, if any, as alleged by the Complaint.

## AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

27. To the extent that the Plaintiff lacks standing with respect to any claim, that claim should be dismissed.

## AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

28. To the extent that the Defendant violated any provision of the Fair Debt Collection Practices Act, such violation was not intentional and resulted from a *bona fide* error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

29. The Complaint fails to meet the requirements of F.R.C.P. Rule 23 because it does not identify who the members of the purported class are, the reasons why ordinary joinder would not be effective and how there is commonality based upon the mere allegation that plaintiff is purportedly an unsophisticated individual without any reference to how his alleged unsophisticated knowledge is shared by others.

**WHEREFORE** the Defendant, **FRONTLINE ASSET STRATEGIES, LLC**, demands judgment dismissing the Complaint, herein with costs and disbursements; and further demands judgment over and against all other parties, with costs and disbursements, plus all attorneys' fees pursuant to 15 U.S.C. §§ 1692, *et seq.*, and other costs herein.

Dated: New York, New York
August 1, 2011

LITCHFIELD CAVO, LLP

By: _____
Donald J. Cayea, Esq. (DC-4635)
*Attorneys for Defendant*
**FRONTLINE ASSET STRATEGIES, LLC**
420 Lexington Avenue – Suite 2104
New York, New York 10170
(212) 434-0100

-6-

TO: Joseph Mauro (JM8295)
Law Office of Joseph Mauro LLC
*Attorneys for Plaintiff*
**STEVEN DENICOLA**
306 McCall Avenue
West Islip, New York  11795
(631) 669-0921