

**WRITER'S ADDRESS:**
420 Lexington Avenue
Suite 2104
New York, NY 10170
(212) 818-0531
(212) 434-0105 fax
cayea@litchfieldcavo.com

November 2, 2011

**VIA ECF**
Magistrate Judge William D. Wall
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

                Re:    DeNicola v. Frontline Asset Strategies, LLC
                      Case No. 11-2584

Dear Magistrate Wall:

      We represent the defendant, Frontline Asset Strategies, LLC, in the above-referenced action. We write, pursuant to Local Rule 37.3, regarding a discovery dispute that arose with respect to a Request for Admissions served by the plaintiff. In accordance with F.R.Cv.P. 36, the defendant's response must be served on the plaintiff no later than November 15, 2011. (See Exhibit "A"). The defendant respectfully requests the entry of an order vacating the plaintiff's Request for Admissions, or in the alternative, extending the time for the defendant to respond until after the plaintiff's deposition. The parties attempted to resolve this dispute in good faith as required by Local Rule 37.3 during a telephone conference conducted on November 2, 2011.

      The plaintiff commenced this action alleging violations of the Fair Debt Collection Practices Act. (15 U.S.C. 1592, *et seq*.) The plaintiff specifically alleges, *inter alia*, that the defendant violated the statute by attempting to contact the plaintiff with a pre-recorded message that did not identify the defendant as a debt collector. The defendant responded to this claim by asserting that that the pre-recorded messages did not violate the Fair Debt Collection Practices Act because the defendant sent the message for the purpose of confirming the plaintiff's contact information.

Chicago • Hartford • Boston • New York • New Jersey • Philadelphia • Los Angeles • Houston • Fort Lauderdale • Tampa • Wisconsin

www.litchfieldcavo.com


**LITCHFIELD CAVO LLP**
Attorneys at Law

Page 2

## The Plaintiff's Requests for Admission

The court should vacate, or in the alternative, enlarge the time for the defendant to serve a response to the plaintiff's Request for Admissions because the Rule 36 request is premature at this point in the discovery process. The Request for Admission requires the defendant to admit or deny facts pertaining to plaintiff's demand for class certification that the defendant cannot reasonably be expected to respond to until after further disclosure from the plaintiff. For example, the Rule 36 demand requires the defendant to admit or deny that it "has no factual basis to believe that the Plaintiff is not an adequate class representative in this action." The discovery demand also requests the defendant to admit or deny whether or not it has "any factual basis to believe that" the plaintiff's attorney "is not adequate counsel to represent a class in this action." Since the defendant has not yet conducted the deposition of the plaintiff, it cannot be reasonably expected to provide a response to these requests for admissions.

The court should also issue a protective order because the plaintiff's Request for Admission impermissibly seeks the admission of facts not actually known to the plaintiff. For example, Request for Admission requires the defendant to disclose the number of pre-recorded messages left by the defendant to persons with "New York State area codes or addresses from May 27, 2010 through May 27, 2011." The Request for Admission also seeks an admission or denial with regard to the net worth of the defendant. These constitute impermissible requests because it violates the function of F.R.Cv.P. 36, which is to define and limit the matters in controversy through the admission for the record of facts that is <u>already known</u> by the seeker. <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372 (S.D.N.Y., 1989); <u>E.E.O.C. v. Bloomberg L.P.</u>, 2010 WL 32601 (S.D.N.Y., August 4, 2010). Unlike the other discovery devices, the request presupposes that the party proceeding under it already possesses the documents or facts contained within the request. <u>Vincent v. C.O.M. House</u>, 2009 WL 2913912 (W.D.N.Y., September 4, 2009). A party cannot employ a Request for Admission to uncover facts unknown to that party. <u>Fox v. Poole</u>, 2007 WL 2572104 (W.D.N.Y., August 31, 2007). Since the plaintiff clearly seeks the disclosure of facts not in its possession, the court should issue a protective order vacating the Rule 36 request or enlarging the time for the defendant to respond until after the deposition of the plaintiff.

**LITCHFIELD CAVO LLP**
Attorneys at Law

Page 3

enclosure

Yours truly,

Donald J. Cayea (DC-4635)
Litchfield Cavo LLP
*Attorneys for Defendants*
**FRONTLINE STRATEGIES, LLC**
420 Lexington Avenue – Suite 2104
Tel.: (212) 434-0100
Fax: (212) 434-0105

cc: **VIA ECF**
The Law Office of Joseph Mauro, LLC
*Attorneys for Plaintiff*
**STEVEN DENICOLA, on behalf of himself
and all others similarly situated**
306 McCall Ave
West Islip, New York 11795